COPY

IN THE CIRCUIT COURT, SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
ST. JOHNS COUNTY, FLORIDA

CASE NUMBER: CA11-0661
DIVISION: 55

3:12-CV-128-J-37JBT

WELLESTEY D. MADURIE, JR. and
CHRISTINE MADURIE, husband and wife,

　　　　Plaintiffs,

vs.

HEARTLAND EXPRESS, INC. OF IOWA,
a foreign corporation authorized to do
business in the State of Florida,

　　　　Defendant.
_____/

## COMPLAINT

The Plaintiffs, WELLESTEY D. MADURIE, JR. and CHRISTINE MADURIE, husband and wife, sue the Defendant, HEARTLAND EXPRESS, INC. OF IOWA, a foreign corporation, and allege:

### COMMON ALLEGATIONS

1. This is an action for damages exceeding $15,000.00 exclusive of fees, costs, and interest.

2. At material times, the Plaintiffs resided in Clewiston, Florida. At the time of this motor vehicle accident, the Plaintiffs, both commercial truck drivers, were refueling at a fuel station in St. Johns County, Florida. Wellestey Madurie was the driver and Christine Madurie was the passenger of the truck tractor owned by them.

3. At all material times, the Plaintiffs were and are married to one another.

4. The Defendant, HEARTLAND EXPRESS, INC. OF IOWA was and is an Iowa corporation having its principal place of business in North Liberty, Iowa.

5. At all times relevant, the Defendant was and is a nonresident foreign

the mcleod firm

-1-

corporation that accepted the privilege extended by the laws of Florida by operating a business or business venture in the state and by operating a motor vehicle or of having it operated within the state. The Defendant may be served with process by service in accordance with Florida Statute, Section 48.171, 48.181 or other applicable law.

6.     At all material times, the Defendant was engaged in substantial and not isolated commercial activity within the state of Florida. Moreover, at the time of the motor vehicle accident, the Defendant was operating, conducting, engaging in or carrying on business in the state of Florida. The non-resident Defendant committed a tortious act within this state. For all of these reasons, it is appropriate for this Court to exercise personal jurisdiction over the Defendant pursuant to Section 48.193, Fla. Stat.

7.     At all material times including, June 23, 2008, the Defendant owned a 2006 International commercial truck tractor bearing VIN 2HSCNAPR76C2167, which was operated by the Defendant.

8.     At all material times, including June 23, 2008, the Defendant owned a 2007 tandem semi-trailer bearing VIN 1JJV532WX7L990486, which was operated by the Defendant

9.     At the time of the accident, the Defendant's employee and agent Michael S. Taylor operated the tractor-trailer with the knowledge, consent and express permission of the Defendant. In all respects, Mr. Taylor's operation of the Defendant's tractor-trailer was within the ordinary scope of his duties as Defendant's agent and in furtherance of the Defendant's interests.

10.    On or about June 23, 2008, Michael S. Taylor negligently operated the Defendant's tractor-trailer in the parking lot of the Flying J fuel station on S.R. 206 in St. Johns County, Florida in such a manner that the Defendant's tractor-trailer collided with the

the mcleod firm

truck tractor owned and operated by the Plaintiffs.

11. As a result of the employment and agency relationship existing between the Defendant and its authorized agent and employee Michael S. Taylor, the Defendant is vicariously liable for the injuries and damages suffered by the Plaintiffs.

12. Moreover, as the owner of the commercial vehicle causing the accident, the Defendant is vicariously liable for the negligent operation or maintenance of the vehicle by the driver and agent as a matter of law.

### COUNT I – Negligence
(For injuries suffered by Wellestey Madurie)

13. The Plaintiffs reallege the facts set forth in paragraphs 1 through 12 above.

14. At all material times the Defendant voluntarily entrusted its vehicle to Michael S. Taylor, whose negligent operation thereof caused injuries to the Plaintiff, Wellesley Madurie.

15. As a direct result of the Defendant's, entrustment of its vehicle to Michael S. Taylor, the Plaintiff, Wellestey Madurie, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing case and treatment, permanent impairment, loss of earnings and loss of ability to earn. The losses are either permanent or continuing and Wellestey Madurie will suffer the losses in the future. Plaintiffs' tractor truck was also damaged and the Plaintiffs lost the use of it during the period required for its repair or replacement.

WHEREFORE, the Plaintiff, WELLESTEY MADURIE, demands judgment against the Defendant, HEARTLAND EXPRESS, INC. OF IOWA, for damages, costs, and for such other relief as this Court deems appropriate in the circumstances.

the mcleod firm

### COUNT II – Negligence
### (For injuries suffered by Christine Madurie)

16. The Plaintiffs reallege the facts set forth in paragraphs 1 through 12 above.

17. At all material times the Defendant voluntarily entrusted its vehicle to Michael S. Taylor, whose negligent operation thereof caused injuries to the Plaintiff, Christine Madurie.

18. As a direct result of the Defendant's, entrustment of its vehicle to Michael S. Taylor, the Plaintiff, Christine Madurie, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing case and treatment, permanent impairment, loss of earnings and loss of ability to earn. The losses are either permanent or continuing and Wellestey Madurie will suffer the losses in the future. Plaintiffs' tractor truck was also damaged and the Plaintiffs lost the use of it during the period required for its repair or replacement.

WHEREFORE, the Plaintiff, CHRISTINE MADURIE, demands judgment against the Defendant, HEARTLAND EXPRESS, INC. OF IOWA, for damages, costs, and for such other relief as this Court deems appropriate in the circumstances.

### COUNT III – Loss of Consortium
### (On behalf of Christine Madurie)

19. The Plaintiff, CHRISTINE MADURIE, realleges the facts set forth in paragraphs 1 through 12.

20. At all times material to this cause of action, the Plaintiff, CHRISTINE MADURIE was and is the wife of the Plaintiff, Wellestey Madurie. As a direct and proximate result of the injuries received by Wellestey Madurie flowing from the negligence of the Defendant, the Plaintiff, Christine Madurie, lost the care, companionship, society, comfort and

services of her husband in the past, presently and will so in the future.

WHEREFORE, Plaintiff, CHRISTINE MADURIE, demands judgment against Defendant together with an award of costs.

### COUNT IV – Loss of Consortium
### (On behalf of Wellestey Madurie)

21. The Plaintiff, WELLESTEY MADURIE, realleges the facts set forth in paragraphs 1 through 12.

22. At all times material to this cause of action, the Plaintiff, Wellestey Madurie was and is the husband of the Plaintiff, Christine Madurie. As a direct and proximate result of the injuries received by Christine Madurie flowing from the negligence of the Defendant, the Plaintiff, Wellestey Madurie, lost the care, companionship, society, comfort and services of his wife in the past, presently and will so in the future.

WHEREFORE, Plaintiff, WELLESTEY MADURIE, demands judgment against Defendant together with an award of costs.

### Demand for Jury Trial

The Plaintiffs demand trial by jury on all issues so triable as of right.

the mcleod firm

ROBERT L. McLEOD II
FL BAR NO. 369632
SETH B. DEMPSEY
FL. BAR NO. 0015191
1200 Plantation Island Dr. S., Suite 140
St. Augustine, FL 32080
Phone (904) 471-5007
Fax (904) 461-5059
Attorneys for Plaintiffs